UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMECUS REED, | Case No. 1:20-cv-00121-JLT (PC) |
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT _OR_ NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON CLAIM FOUND COGNIZABLE** |
| v. | |
| M. MIGUEL, et al., | |
| Defendants. | |
| | (Doc. 1) |
| | 21-DAY DEADLINE |

Tamecus Reed alleges the defendants retaliated against him and denied him due process. (Doc. 1.) The Court finds that Plaintiff states a cognizable retaliation claim against Defendants M. Miguel and A. Sasin. He does not, however, state a cognizable due process claim against the defendants. Therefore, the Court directs Plaintiff to file a first amended complaint curing the deficiencies identified in this order or file a notice that he wishes to proceed only on his retaliation claim and to dismiss his due process claim and Defendants C. Beltran and W. Cotter.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a

1    defendant immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint

2    if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal

3    theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

4    **II.      PLEADING REQUIREMENTS**

5         **A.  Federal Rule of Civil Procedure 8(a)**

6         "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

7    exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain

8    "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

9    Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the

10   plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

11   quotation marks and citation omitted).

12        Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

13   cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

14   U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must

15   set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

16   *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as

17   true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

18        The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

19   any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the

20   liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories.

21   *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil

22   rights complaint may not supply essential elements of the claim that were not initially pled,"

23   *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation

24   marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe*

25   *I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and

26   citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to

27   state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall

28   short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

1      **B.  Linkage and Causation**

2         Section 1983 provides a cause of action for the violation of constitutional or other federal

3 rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

4 section 1983, a plaintiff must show a causal connection or link between the actions of the

5 defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,

6 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

7 deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

8 act, participates in another's affirmative acts, or omits to perform an act which he is legally

9 required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588

10 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

11 **III.     DISCUSSION**

12      **A.  Plaintiff's Factual Allegations**

13         On March 8, 2019, Plaintiff was transferred to California Substance Abuse Treatment

14 Facility and State Prison. (Doc. 1 at 3.) Plaintiff alleges that after arriving at "Receiving and

15 Release," Correctional Officer Miguel opened a box of Plaintiff's property and pulled out two

16 pairs of shoes, saying, "Pick one pair!" (*Id.*) Plaintiff replied that prison policies and regulations

17 allowed him to keep both pairs because he "was once a participant in the Enhanced Program

18 Facility." (*Id.* at 3, 7.) According to Plaintiff, Miguel responded, "There is no EPF!" (*Id.* at 7.)

19 Plaintiff then selected a pair and asked that the other pair "be held pending the outcome of a state

20 administrative appeal." (*Id.*) Plaintiff states that Correctional Officer Sasin then arrived, and

21 Miguel told her that Plaintiff "wanted to '602 a pair of shoes.'" (*Id.* at 7-8.) Plaintiff again

22 explained that he "was an EPF participant" and asked if the pair of shoes could be held pending

23 the outcome if an appeal. (*Id.* at 8.)

24         At that point, Plaintiff alleges Miguel and Sasin "rip[ped] through [his] personal property"

25 and "took everything … they could, no matter how small." (*Id.*) Plaintiff was placed back in a

26 holding cell, and he alleges that Defendants withheld his "state issued lunch that [he] received …

27 before [he was] transferred." (*Id.*) Plaintiff states that he waited in the holding cell for hours as

28 other inmates were processed quickly and that his "request for a dinner tray … was ignored." (*Id.*)

Plaintiff alleges that his property was "wrongfully disposed." (*Id.* at 4.) On March 20, 2019, he filed an administrative grievance regarding the March 8 incident. (*Id.*) The appeals office processed the grievance as a staff complaint against Miguel and Sasin. (*See id.*) Plaintiff "filed a separate appeal regarding the confiscation of [his] personal property," but the appeals office cancelled it as time-barred. (*Id.* at 9.) Plaintiff filed an appeal of the cancellation, which was granted on August 15, 2019. (*Id.* at 10.) However, by that time, Plaintiff's property had already been "disposed," though he did not receive a "notice, hearing, [or] interview before the disposal." (*Id.*)

In October 2019, Correctional Sergeant Beltran interviewed Plaintiff regarding his property appeal. (*Id.* at 11.) Correctional Lieutenant Cotter interviewed Plaintiff in November 2019, at which point he informed Plaintiff that his appeal was denied and his property had already been disposed. (*Id.*) Plaintiff alleges that he did not receive a "fair opportunity to petition the prison administration for redress." (*Id.* at 12.) He also alleges that "his personal property was not properly confiscated and not properly disposed of." (*Id.* at 10.) He states, "[a]s an EPF participant, [his] property should not [have] been confiscated and [he] should [have] received a hearing or at least an interview before it was disposed." (*Id.* at 10-11.)

**B. Plaintiff's Claims for Relief**

1. Due Process

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "An authorized, intentional deprivation of property is actionable under the Due Process Clause." *Christ v. Hartley*, No. 1:11-cv-00705-AWI-DLB, 2013 WL 127737, at *3 (E.D. Cal. 2013) (citing *Hudson v. Palmer*, 468 U.S. 517, 532 (1984)) (citations omitted). "An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes." *Christ*, 2013 WL 127737, at *3 (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982) (citation omitted).

However, "an *unauthorized* intentional deprivation of property by a state employee does not constitute a violation of … Due Process … if a meaningful postdeprivation remedy for the

1    loss is available." *Hudson*, 468 U.S. at 533 (emphasis added). "California [l]aw provides an

2    adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d

3    813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895.) State prisoners "may file suit in

4    state court pursuant to California Government Code §§ 900, *et seq.*, to seek recovery for a tort"

5    committed by a state employee. *Boswell v. Perez*, No. 1:09-cv-00822-MJS, 2011 WL 4500010, at

6    *2 (E.D. Cal. 2011) (citations omitted).

7        Plaintiff alleges that the defendants' deprivation of his property was not authorized by

8    established state procedures. He states that, under prison "policy … and regulations," Defendants

9    should not have confiscated his property because he was a participant in the "Enhanced Program

10   Facility." (Doc. 1 at 7.) He suggests, though does not state explicitly, that Defendants also

11   violated prison policies by not providing a hearing or interview prior to disposing of his property.

12   (*See id.* at 10-11.)

13       Given that Plaintiff challenges an unauthorized, intentional deprivation of his property,

14   Plaintiff's due process claim is not cognizable because he has an adequate post-deprivation

15   remedy under state law. *See Barnett*, 31 F.3d 813, 816-17. Under the California Tort Claims Act,

16   Plaintiff may file suit in state court. *See Boswell*, 2011 WL 4500010, at *2.

17       Plaintiff also does not state a cognizable claim against Beltran and Cotter because he does

18   not show that their actions or failures to act caused the confiscation or disposal of his property.

19   *See Johnson*, 588 F.2d at 743. Plaintiff's allegations with respect to these defendants are limited

20   to their investigation of his administrative appeals. (*See* Doc. 1 at 11-12.) However, prisoners do

21   not have a constitutional right to specific inmate grievance procedures. *See Ramirez v. Galaza*,

22   334 F.3d 850, 860 (9th Cir. 2003) (citation omitted).

23           2.   Retaliation

24       A claim of retaliation has five elements. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir.

25   2012). First, a plaintiff must allege that he engaged in protected activity. *Id.* For example, filing

26   an inmate grievance is protected, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as is the

27   right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *see also Rizzo v. Dawson*,

28   778 F.2d 527, 531-32 (9th Cir. 1985). Second, the plaintiff must show that the defendant took

1   adverse action against him. *Watison*, 668 F.3d at 1114 (citation omitted). "Third, the plaintiff

2   must allege a causal connection between the adverse action and the protected conduct." *Id.* In

3   other words, the plaintiff must claim the defendant subjected him to an adverse action *because of*

4   his engagement in protected activity. *Rhodes*, 408 F.3d at 567. "Fourth, the plaintiff must allege

5   that the official's acts would chill or silence a person of ordinary firmness from future [protected]

6   activities." *Watison*, 668 F.3d at 1114 (internal quotation marks and citation omitted). "Fifth, the

7   plaintiff must allege 'that the prison authorities' retaliatory action did not advance legitimate

8   goals of the correctional institution….'" *Id.* (quoting *Rizzo*, 778 F.2d at 532).

9         Plaintiff states a cognizable retaliation claim against Correctional Officers Miguel and

10   Sasin. Leniently construed, Plaintiff's allegations show that Miguel and Sasin confiscated and

11   destroyed his property and denied him meals because he told them he would file a 602 about the

12   withholding of his shoes. (*See* Doc. 1 at 4, 7-8, 10.) Plaintiff does not allege that Defendant's

13   actions would chill a person of ordinary firmness; but he alleges that he was harmed, and "harm

14   that is more than minimal will almost always have a chilling effect." *Rhodes*, 408 F.3d at 562.

15   **IV.    CONCLUSION AND ORDER**

16         For the reasons set forth above, the Court grants Plaintiff leave to file a first amended

17   complaint. **<u>Within 21 days</u>** of the date of service of this order, Plaintiff shall file a first amended

18   complaint curing the deficiencies in his pleading or, alternatively, file a notice that he wishes to

19   proceed only on his retaliation claim against Defendants Miguel and Sasin and to dismiss the

20   remaining claim and defendants. If Plaintiff no longer wishes to pursue this action, he may file a

21   notice of voluntary dismissal. If he needs an extension of time to comply with this order, he shall

22   file a motion seeking an extension **<u>no later than 21 days</u>** from the date of service of this order.

23         Plaintiff is informed that an amended complaint supersedes the original complaint, *Lacey*

24   *v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without

25   reference to the prior or superseded pleading." Local Rule 220. The Court provides Plaintiff with

26   an opportunity to amend his complaint to cure the deficiencies identified in this order. However,

27   he may not change the nature of this suit by adding unrelated claims in an amended complaint.

28   ///

Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a first amended complaint;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and,

3. <u>Within 21 days</u> of the date of service of this order, Plaintiff must file <u>one of the following three items</u>:

   a. a first amended complaint curing the deficiencies identified in this order, or

   b. a notice that he does not wish to file a first amended complaint and instead wishes to (1) proceed only on his retaliation claim against Miguel and Sasin, (2) dismiss his due process claim, and (3) dismiss Beltran and Cotter, or

   c. a notice of voluntary dismissal of this entire case.

<u>**If Plaintiff fails to comply with this order, the Court will recommend that this action proceed only on the claims found cognizable herein and that all other claims and defendants be dismissed with prejudice.**</u>

IT IS SO ORDERED.

Dated:   **May 7, 2020**                                    **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE