UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMECUS REED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. MIGUEL, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00121-AWI-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AS MOOT**<br><br>(Doc. 35) |

　　　　On January 27, 2021, the parties filed a stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 33.) On January 28, 2021, the Court closed this case, but retained jurisdiction over the parties' settlement agreement to enforce its terms. (Doc. 34.)

　　　　Before the Court is Plaintiff's motion to enforce the settlement agreement. (Doc. 35.) Defendants filed a response on September 2, 2021. (Doc. 37.) Plaintiff has not filed a reply, and the time to do so has passed. *See* Local Rule 230(l).

　　　　In his motion, Plaintiff states that as of August 13, 2021, he had not yet received the agreed-upon settlement funds, even though the parties' settlement agreement provided that Defendants would disburse the funds within 180 days of settlement. (*See* Doc. 35 at 1-2.) Plaintiff requests that this settlement provision be enforced, and that Defendants be ordered to pay "sanctions . . . of $3,000." (*Id.* at 2.)

In their response, Defendants state that that an "error in accounting subjected the entire settlement amount to restitution, contrary to the terms of the" parties' settlement agreement. (Doc. 37 at 1-2.) Defendants state that the "error has been rectified," and that Plaintiff has now been provided "the $400 he received in settlement that was to be exempt from restitution." (*Id.* at 1.)

In support of their response, Defendants concurrently filed a declaration from the Restitution Coordinator for Inmate Accounting at CDCR. (Doc. 37-1.) The Restitution Coordinator provides a copy of Plaintiff's inmate trust account statement, which shows that (1) Plaintiff received a settlement check of $1,300 on April 19, 2021, (2) that entire amount was withdrawn to pay for restitution and related administrative fees, (3) Plaintiff received a second settlement check of $1,300 on August 25, 2021, and (4) $900 was deducted from the latter funds to pay for restitution and related administrative fees, leaving $400 remaining in Plaintiff's account. (*Id.* at 5-6.)

Based on the foregoing, it appears that Plaintiff believed that he never received any of the settlement funds, since all of those funds initially went to restitution in contravention of the parties' settlement agreement. Now that that error has been corrected, and Plaintiff has received the agreed-upon settlement funds, Plaintiff's motion is now moot. Accordingly, the Court DENIES Plaintiff's motion to enforce the settlement agreement (Doc. 35) as moot.

The Court does not find that monetary sanctions are appropriate, given that Defendants attempted to comply with the settlement agreement by timely disbursing the settlement funds back in April (Doc. 37-1 at 2, 5), though CDCR mistakenly withdrew all of those funds to pay for outstanding restitution. Defendants and CDCR also quickly corrected the mistake upon being notified of it. The Court therefore DENIES Plaintiff's request for monetary sanctions.

IT IS SO ORDERED.

Dated:  **September 30, 2021**          **/s/ Jennifer L. Thurston**
CHIEF UNITED STATES MAGISTRATE JUDGE